Commonwealth of Kentucky
Jackson District Court
Case No. 16-C-00003
Div. _____

Kyle Mosley                                                                         PLAINTIFF

v.                                          **COMPLAINT**

Midland Funding, LLC                                                           DEFENDANTS
   Serve:
      Corporation Service Company
      421 W. Main Street
      Frankfort, KY 40601

Midland Credit Management, Inc.
   Serve:
      Corporation Service Company
      2900 SW Wanamaker Dr.
      Suite 204
      Topeka, KS 66614

Experian Information Solutions, Inc.
   Serve:
      C T Corporation System
      306 W. Main Street
      Suite 512
      Frankfort, KY 40601

\* \* \* \* \*

## INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA") and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., which was enacted to promote fairness and accuracy in credit reporting.

2. Mr. Mosley has been working diligently to improve his credit and credit score. As part of this process, Mr. Mosley reviewed his consumer credit report from Defendant Experian



Information Solutions, Inc. ("Experian"). Mr. Mosley discovered negative information furnished by Defendant Midland Credit Management, Inc. ("MCM") on behalf of Defendant Midland Funding, LLC ("Midland"). Mr. Mosley contacted MCM about the negative information and reached a settlement agreement.

3. Mr. Mosley arranged to pay off the debt at issue in full to satisfy the debt and in exchange for deleting the negative credit information from his consumer credit report.

4. After receiving payment in full, neither MCM nor Midland deleted the negative credit information from Mr. Mosley's consumer credit report. Worse, the negative information furnished by MCM to Experian concerning Mr. Mosley continued to show a negative balance of $736.00 owed on the debt.

5. Mr. Mosley promptly disputed the patently false information appearing on his Experian credit report with Experian. Experian then notified MCM and/or Midland of Mr. Mosley's dispute. MCM and/or Midland verified the information was correct but reduced the amount alleged due on the debt down to $139.00 from $736.00.

6. These and other acts by MCM and Midland violate the FDCPA and the FCRA.

7. These and other acts by Experian violate the FCRA.

## PARTIES

8. Plaintiff Kyle Mosley is a natural person who resides in Jackson County, Ky. Mr. Mosley is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

9. Defendant Midland Funding, LLC is a Delaware limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Midland's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

10. Midland Funding, LLC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

11. Defendant Midland Credit Management, Inc. is a Kansas for-profit corporation, which is not registered with the Kentucky Secretary of State, and is engaged in the business of collecting debts on behalf of other legal entities, including Midland Funding, LLC. MCM's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

12. MCM is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6). MCM is also a furnisher of information within the meaning of the FCRA.

13. Defendant Experian Information Solutions, Inc. is a foreign corporation, with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626. Experian has registered to do business with Kentucky Secretary of State. Experian is a "consumer reporting agency" within the meaning of the FCRA.

## BACKGROUND

14. In 2012, Mr. Mosley opened up a PayPal account with Synchrony Bank.

15. Mr. Mosley used his PayPal account exclusively for personal, family, and household purposes, which makes the PayPal account a "debt" within the meaning of the FDCPA.

16. Due to financial circumstances beyond his control, Mr. Mosley could not make his payments on the PayPal account and the account went into default.

17. Upon information and belief, Synchrony Bank sold Mr. Mosley's charged-off PayPal debt on or about September 1, 2013 to Midland for collection.

18. Upon information and belief, $736.00 was the balance due on the debt on the date of sale, but Midland paid only pennies on the dollar to purchase it, or no more than $40.00.

19. Upon information and belief, Midland referred Mr. Mosley's PayPal debt to MCM for servicing.

20. Upon information and belief, as servicer of the Mr. Mosley's PayPal debt, MCM furnished negative credit information concerning Mr. Mosley and the PayPal debt to three major consumer reporting agencies for purposes of collection. *See Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

21. In May or June of 2015, Mr. Mosley discovered the negative credit information on his consumer credit report that MCM furnished on behalf of Midland.

22. Mr. Mosley disputed the negative credit information concerning the PayPal debt as furnished by MCM.

23. MCM responded to Mr. Mosley's dispute by letter on June 24, 2015.

24. MCM's June 24th letter served to verify the debt and provided a telephone number for Mr. Mosley to use for resolving the PayPal debt. According to MCM's June 24th letter, the balance due on the debt was $736.29.

25. Mr. Mosley called the number.

26. Mr. Mosley and MCM reached a verbal agreement to resolve the debt.

27. As part of the agreement, MCM agreed to delete the negative credit information concerning the PayPal debt from Mr. Mosley's credit report after Mr. Mosley paid the full amount due on the debt.

28. Mr. Mosley paid $736.29 on September 8, 2015 by check. The check was

deposited the next day.

29. On October 2, 2015, Mr. Mosley requested, obtained, and reviewed a copy of his consumer credit report from Experian.

30. Mr. Mosley's Experian credit report still had the negative information furnished by MCM on Midland's behalf in connection with the PayPal debt.

31. Mr. Mosley's October 2nd Experian credit report states in pertinent part:



32. The above information is false.

33. Mr. Mosley paid the debt off in full on September 8, 2015, yet the information furnished by MCM states that $736.00 was "past due" and that no payments were made in September 2015.

34. Mr. Mosley filed an online dispute with Experian concerning the false negative credit information furnished by MCM on Midland's behalf in connection with the PayPal debt.

35. Upon information and belief, Experian notified MCM and/or Midland concerning Mr. Mosley's dispute, which triggered MCM's and/or Midland's duty to re-investigate the debt

-5-

under 15 U.S.C. § 1681s-2(b).

36. Experian failed to send Mr. Mosley the results of its investigation of his dispute as required by 15 U.S.C. § 1681(a)(6).

37. After disputing MCM's negative credit information, Mr. Mosley checked his Experian credit report on October 19, 2015.

38. Mr. Mosley's October 19th Experian credit report includes the following "updated" information concerning the PayPal debt furnished by MCM on Midland's behalf:



39. The above credit information is false.

40. The above credit information does not reflect that Mr. Mosley paid the debt in full.

41. The above credit information falsely states that no payments were made in September 2015 and that payment was due and unpaid in October 2015.

42. So after receiving Mr. Mosley's dispute, Experian continued to report derogatory information concerning the PayPal debt on Mr. Mosley's consumer credit report.

43. Upon information and belief, MCM and/or Midland failed to conduct a reasonable investigation into Mr. Mosley's dispute concerning the negative credit information MCM is furnishing to Experian.

44. Upon information and belief, MCM and/or Midland falsely verified the accuracy of the PayPal debt to Experian.

45. Upon information and belief, MCM and/or Midland failed to conduct a reasonable investigation of Mr. Mosley's dispute.

46. As result of MCM and/or Midland's failure to investigate Mr. Mosley's dispute, MCM continued to furnish false negative credit information to Experian concerning the PayPal debt.

47. Upon information and belief, Experian failed to conduct a reasonable investigation of Mr. Mosley's dispute concerning the negative credit information furnished by MCM and/or Midland in connection with the PayPal debt.

48. MCM and/or Midland's and Experian's failure to correct and update Mr. Mosley's consumer credit report has adversely affected Mr. Mosley by allowing false, negative credit information to appear on his consumer credit report, which negatively impacts Mr. Mosley's creditworthiness and credit score and has caused him to be denied credit.

**CLAIMS FOR RELIEF**

I. **Violations of the Fair Debt Collection Practices Act**

49. The foregoing acts and omissions by Midland and MCM constitute violations of the FDCPA, including but not limited to violations of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and one or more subsections of each statute, by furnishing false credit information to Experian, by misrepresenting the amount of the PayPal debt, and by breaching its agreement to delete the

negative credit information concerning the PayPal debt from Mr. Mosley's credit report.

## II. Violations of the Fair Credit Reporting Act

### A. Claims against MCM and Midland

50. The allegations set forth in the paragraphs 1-48 are re-alleged and incorporated by reference as if fully set forth herein.

51. The foregoing acts and omissions of MCM and Midland constitute violations of the FCRA, including, but not limited to:

#### i. Violations of 15 U.S.C. § 1681n

52. After being informed by Experian that Mr. Mosley disputed the accuracy of the information it was providing concerning Mr. Mosley, MCM and/or Midland willfully failed to conduct a proper investigation of Mr. Mosley's disputes, filed with Experian, that MCM was furnishing false negative credit information about Mr. Mosley and the PayPal debt, which Mr. Mosley had in fact paid in full.

53. MCM and/or Midland willfully failed to review all relevant information purportedly provided by Experian to MCM and/or Midland in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

54. MCM and/or Midland willfully failed to direct Experian to delete inaccurate information about Mr. Mosley pertaining to the PayPal debt as required by 15 U.S.C. § 1681s-2(b)(C).

55. Mr. Mosley has a private right of action to assert claims against MCM and Midland arising under 15 U.S.C. § 1681s-2(b).

56. MCM and Midland are liable to Mr. Mosley for the actual damages he has sustained by reason of their violations of the FCRA, in an amount to be determined by the trier

of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

### ii. Violation of 15 U.S.C. § 1681o

57. After being informed by Experian that Mr. Mosley disputed the accuracy of the information it was providing concerning Mr. Mosley, MCM and/or Midland negligently failed to conduct a proper investigation of Mr. Mosley's disputes, filed with Experian, that MCM was furnishing false negative credit information about Mr. Mosley and the PayPal debt, which Mr. Mosley had in fact paid in full.

58. MCM and/or Midland negligently failed to review all relevant information purportedly provided by Experian to MCM and/or Midland in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

59. MCM and/or Midland negligently failed to direct Experian to delete inaccurate information about Mr. Mosley pertaining to the PayPal debt as required by 15 U.S.C. § 1681s-2(b)(C).

60. Mr. Mosley has a private right of action to assert claims against MCM and Midland arising under 15 U.S.C. § 1681s-2(b).

61. MCM and Midland are liable to Mr. Mosley for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

B.     **Claims against Experian**

    i.     **Failure to Reinvestigate the Paid Synchrony Bank/Paypal Debt in Violation of 15 U.S.C. 1681i(a)**

62.     The allegations set forth in the paragraphs 1-48 are re-alleged and incorporated by reference as if fully set forth herein.

63.     Experian failed to properly reinvestigate Mr. Mosley's dispute and Experian continued to prepare and publish false consumer reports.

64.     Experian failed to use reasonable procedures to reinvestigate Mr. Mosley's dispute and, likewise, took inadequate action to correct Mr. Mosley's consumer credit reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

65.     Experian failed to take necessary and reasonable steps to prevent further inaccuracies from entering Mr. Mosley's credit file data and such false data continued to be posted as new consumer credit reports were prepared, issued and disseminated by Experian and relayed for further use, reliance and publication by their subscribers.

66.     Experian failed to adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false data appearing on Mr. Mosley's consumer reports and as contained in their consumer reporting data bank, as required by the Fair Credit Reporting Act.

67.     Experian willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681i(a).

68.     As a result of Experian's willful noncompliance with the requirements of 15 U.S.C. § 1681i(a), Mr. Mosley is entitled to actual, statutory, punitive damages, and his reasonable attorney's fees and costs under 15 U.S.C. § 1681n(a).

69.     As a result of Experian's negligent noncompliance with the requirements of 15

U.S.C. § 1681i(a), Mr. Mosley is entitled to actual damages and his reasonable attorney's fees and costs under 15 U.S.C. § 1681o(a).

### ii. Failure to Reinvestigate the Paid Synchrony Bank/Paypal Debt in Violation of 15 U.S.C. 1681i(a)(6)

70. The allegations set forth in the paragraphs 1-48 are re-alleged and incorporated by reference as if fully set forth herein.

71. After Mr. Mosley disputed the false negative credit information furnished by MCM in connection with the PayPal debt, Experian willfully, or alternatively, negligently, failed to send Mr. Mosley notice of the results of Experian's investigation of the dispute as required by 15 U.S.C. § 1681(a)(6).

72. Because Experian failed to notify of the results of the dispute, Mr. Mosley had to pay obtain his credit report in order to determine what the results of his dispute were.

73. As a result of Experian's willful noncompliance with the requirements of 15 U.S.C. § 1681i(a)(6), Mr. Mosley is entitled to actual, statutory, punitive damages, and his reasonable attorney's fees and costs under 15 U.S.C. § 1681n(a).

74. As a result of Experian's negligent noncompliance with the requirements of 15 U.S.C. § 1681i(a)(6), Mr. Mosley is entitled to actual damages and his reasonable attorney's fees and costs under 15 U.S.C. § 1681o(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kyle Mosley requests that the Court grant him the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k against Midland;

3. Award Plaintiff maximum statutory damages under 15 U.S.C. § 1681n against Midland, MCM, and Experian;

4. Award Plaintiff reasonable attorney's fees and costs;

5. A trial by jury; and

6. Such other relief as may be just and proper.

Respectfully submitted,

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Ave.
Unit #4
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:  (502) 473-6561
james@kyconsumerlaw.com



James H. Lawson
115 Sherrin Avenue
Suite 4
Louisville, KY 40207

*Making the law work for you*

Tel:     (502) 473-6525
Fax:    (502) 473-6561
E-mail: james@kyclc.com

www.kyconsumerlaw.com

12/30/2015

Jackson District Court
Jackson County Judicial Center
P.O. Box 84
McKee, KY 40447

Re:   *Kyle Mosley v. Midland Funding, LLC* et al.

Dear Clerk:

Enclosed find the original and five (5) copies of a new civil complaint to be filed in the above-referenced matter. I have also enclosed check no. 1157 in the amount of $80.00 made payable to the Jackson District Court Clerk for the civil filing fee.

Please return all five copies of the filed complaint and the issued summonses to my office in the enclosed self-addressed stamped envelope. I will issue service to the Defendants from my office, with proper return of service to be made to the Jackson District Court.

If you have any questions about this request, please call me at your earliest convenience at (502) 810-7631.

Thank you so much for your help.

Sincerely,

James H. Lawson

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: Mosley v. Midland et al. 16-C-00003

Midland Credit Management, Inc.
C/o Corporation Service Company
2900 SW Wanamaker Dr., Suite 204
Topeka, KS 66614

**COMPLETE THIS SECTION ON DELIVERY**
A. Signature — ☐ Agent ☐ Addressee
B. Received by (Printed Name): Avara Adkins
C. Date of Delivery: 1/11/16
D. Is delivery address different from item 1? ☐ Yes ☐ No

3. Service Type: ☒ Certified Mail®, ☒ Return Receipt for Merchandise

2. Article Number (Transfer from service label): 7013 0600 0002 3877 0758

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: Mosley v. Midland et al. 16-C-00003

Midland Funding, LLC
c/o Corporation Service Company
421 W. Main Street
Frankfort, KY 40601

**COMPLETE THIS SECTION ON DELIVERY**
A. Signature — ☐ Agent ☐ Addressee
B. Received by (Printed Name)
C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes ☐ No

3. Service Type: ☒ Certified Mail®, ☒ Return Receipt for Merchandise

2. Article Number (Transfer from service label): 7013 0600 0002 3877 0741

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: Mosley v. Midland et al. 16-C-00003

Experian Information Solutions, Inc.
c/o CT Corporation System
306 W. Main Street, Suite 512
Frankfort, KY 40601

**COMPLETE THIS SECTION ON DELIVERY**
A. Signature: Christian Bast ☒ Agent ☐ Addressee
B. Received by (Printed Name): Christian Bast
C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes ☐ No

3. Service Type: ☒ Certified Mail®, ☒ Return Receipt for Merchandise

2. Article Number (Transfer from service label): 7013 0600 0002 3877 0765

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt